MATTIE MANNING v. STATE.

No. A-5820. Opinion Filed June 11, 1927.
(256 Pac. 757.)

Carter & Carter, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Okmulgee county on a charge of having the unlawful possession of whisky, and was sentenced to pay a fine of $150 and to serve 90 days in the county jail.

It appears from the record that at the time charged certain police officers of Okmulgee had been in a quarter of the city near the home of defendant, and in returning passed her place. She was on the porch, and they stopped and talked, and inquired of her if she had any whisky. She answered that she had not; that the county officers had just left, and invited them in to look. They went in, and one of the officers lifted the cover of a work backet, and discovered two one-half pint bottles of whisky. There was considerable evidence that her residence was a place of public resort, and that intoxicated persons were frequently seen returning from it. The defendant did not testify.

The only contention argued is that the court erred in admitting incompetent evidence, and that the evidence is not sufficient to sustain the verdict. The incompetent evidence complained of is that the officers had seen persons intoxicated, or who appeared to be drinking, on various occasions leaving the residence of defendant, and had arrested divers persons leaving there for being intoxicated and one person for having the possession of intoxicating liquor.

Since the quantity of whisky found at the residence of defendant is less than the amount fixed by statute as prima facie evidence of intent to violate the liquor law, proof of intent was necessary. Intent ordinarily cannot be proven by direct and positive evidence, and must be proven by circumstances, or in some instances by general reputation. While the court was fairly liberal in the admission of evidence toward the state on this point, there is no substantial error which requires a reversal. There was sufficient evidence to carry the case to the jury; its weight and credibility was for their determination. It is not made to appear that there is any miscarriage of justice.

The case is affirmed.

DOYLE, P. J., and DAVENPORT, J., concur.